IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROPAK CORPORATION, a Delaware )
corporation, JOHN W. VON HOLDT, JR., )
an individual, and JANICE ANDERSON, an
individual,
)
        Plaintiffs, )
) No. 04-C-5422
   v. )
PLASTICAN, INC. ) HONORABLE DAVID H. COAR
)
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ropak Corporation, John W. von Holdt, Jr., and Janice Anderson (collectively, "Plaintiffs") are suing Defendant Plastican, Inc. ("Defendant") for patent infringement.[1] Before this Court is Defendant's renewed motion for summary judgment of unenforceability. For the following reasons, Defendant's motion is DENIED.

**I. LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the

---

[1] In a memorandum opinion and order dated September 30, 2005, this Court dismissed Plas-Tool Co. as plaintiff for lack of standing.

court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003).

## II. FACTUAL BACKGROUND

Plaintiffs Holdt and Anderson own United States Letters Patent No. 4,735,337 (the "'337 patent"), entitled "Plastic Lid Having Opening Means." Plaintiff Ropak is a sublicensee of the patent. The patented plastic lid is created using a mold made, sold, and distributed by a licensee of the patent called Plas-Tool Company. The mold itself is not patented. In the prayer for relief contained in the Complaint, Plaintiffs seek not only lost profits from Defendant's sales of the infringing plastic lids, but also lost profits from sales of the *molds* used to make the infringing plastic lids. (Compl. at 4; emphasis added). The Complaint also requests that all of the infringing plastic lids *and* the molds used to make them be delivered from Defendant to Plaintiffs for destruction.

## III. DISCUSSION

Defendant moves for summary judgment on the ground that Plaintiffs' attempt to claim damages for non-patented goods (the molds used to make the plastic lids) constitutes patent misuse and, thus, renders Plaintiffs' patent unenforceable. See B. Braun Medical, Inc. v. Abbott Laboratories, 124 F.3d 1419, 1427 (Fed. Cir. 1997) ("[T]he patent misuse doctrine is an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused."). Given that the parties' Local Rule

56.1 materials demonstrate no genuine issue of material fact, the **sole question is whether Defendant is entitled to judgment as a matter of law**. See Logan v. Commercial Union Insurance Co., 96 F.3d 971, 978 (7th Cir. 1996).

Patent misuse is "an affirmative defense to an accusation of patent infringement, the successful assertion of which requires that the alleged infringer show that the patentee has impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive effect." Virginia Panel Corp. v. MAC Panel Co., 133 F.3d 860, 868 (Fed. Cir. 1997) (internal quotation marks omitted). Defendant does not allege that Plaintiffs' prayer for relief constituted *per se* patent misuse, which courts have largely found when (a) a patentee conditions a license under the patent on the purchase of a separable good, a practice known as a "tying arrangement," or (b) a patentee effectively extends the terms of its patent by requiring post-expiration royalties. Id. at 869.

For a practice not alleged to be *per se* patent misuse, a court must determine if the practice is "reasonably within the patent grant, i.e., that it relates to the subject matter within the scope of the patent claims." Id. (quoting Mallinckrodt, Inc. v. Medipart, Inc., 976 F.2d 700, 708 (Fed. Cir.1992)). If the practice *is* reasonably within the patent grant, it is not misuse because it does not broaden the scope of the patent claims. If the practice *is not* reasonably within the patent grant and, instead, extends the patentee's rights with an anti-competitive effect, the court must analyze the practice according to the "rule of reason." Id. "Under the rule of reason, 'the finder of fact must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's

-3-

history, nature, and effect.'" Id. (quoting State Oil Co. v. Kahn, 522 U.S. 3, 10 (1997).

Defendant is not entitled to judgment as matter of law. The sole factual basis for Defendant's assertion of patent misuse is Plaintiffs' damages claim. No case has ever found patent misuse under those circumstances. Moreover, Defendant has failed to assert or provide evidence that Plaintiffs' damages claim is anti-competitive or imposes an unreasonable restraint on competition, both requirements for a finding of patent misuse. Thus, nothing in the pleadings, the motion for summary judgment, or case law suggests that Plaintiffs' prayer for relief attempts "to extend the economic effect of their '337 patent beyond its legal scope" and, consequently, entitles Defendant to judgment as a matter of law. (Def.'s Mem. in Supp. of Renewed Mot. for Summ. J. at 5.) If anything, Plaintiffs' damages claim *creates* a triable issue since the Federal Circuit has held that patentees may recover for unpatented components sold with patented components so long as the unpatented product has a "functional relationship to the patented invention" and was not sold with patented invention "only as a matter of convenience or business advantage." Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1550 (Fed. Cir. 1995).

Defendant's concluding argument is that none of the statutory exemptions listed in 35 U.S.C. § 271(d) exempt Plaintiffs' alleged misuse. The Court notes, however, that the statute *protects* the very activity in which Plaintiffs are engaged:

> No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be deemed guilty of misuse or illegal extension of the patent right by reason of his having . . . (3) sought to enforce his patent rights against infringement or contributory infringement.

35 U.S.C. § 271(d) (2005). Plaintiffs may be asking for too much by way of damage for alleged infringement, but if that be the case, Plaintiffs are guilty of the kind of overreaching that is easily

corrected in that it happens before the Court's very eyes. Defendant's approach of invalidating the patent would be like shooting a mosquito with an elephant gun.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's renewed motion for summary judgment of unenforceability is DENIED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **November 14, 2005**