IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROPAK CORPORATION, JOHM W. VON )
HOLDT, JR., and JANICE ANDERSON, )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )    No. 04 C 5422
                                  )
PLASTICAN, INC.,                  )    Magistrate Judge Maria Valdez
                                  )
        Defendant.                )
                                  )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel [80]. For the reasons explained below, the motion is granted in part and denied in part.

This is a patent infringement action involving Ropak's claims against Plastican for infringement of U.S. Patent No. 4,735,337 (the '337 patent). This patent gives Ropak an exclusive license to make certain molded plastic lids covering plastic pails. The '337 patent consists of a pail cover that uses a tear-off strip which engages the lip of a plastic pail. According to Ropak's Preliminary Claim Construction Report, it alleges that Plastican infringed upon Ropak's patent through its CTS and CTS-2 lids, specifically the "40-CTS style" covers. After the filing of Ropak's Motion to Compel, this Court held a settlement conference on the matter. Although a settlement was not reached at this stage, during the settlement conference Plastican indicated that it would produce documents to Ropak that would be responsive to the pending discovery requests. Thereafter, Plastican submitted to this Court (but did not filed) a Report indicating that it had produced over 24,500 documents in response to the Document

Production Requests propounded by Ropak. Ropak then filed a Response to Plastican's Report on Document Production [doc. no. 91], advising the Court of the remaining outstanding discovery matters.

Plastican had previously failed to respond in a timely manner to Ropak's discovery requests. This Court had earlier ordered Plastican to provide substantive responses to discovery requests. Plastican asserts that there have been "mis-communications" between counsel, it was Plastican's mistaken understanding that Ropak would take them up on its January 5, 2006 offer to inspect documents (Bates stamped 1 through 11224) at its office. Ropak eventually did review the documents and found them to be "disorganized and completely unmanageable." Ropak demanded that Plastican reproduce the documents. According to Plastican, it has produced 24,804 documents. Apart from Ropak's Response to Plastican's Report of Document Production, this Court is unaware of which discovery requests the various documents produced by Plastican pertain. Thus, based on this latest filing by the Ropak [doc. no. 91], this Court undertakes a review of the remaining outstanding discovery matters.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure prescribes the scope of matters upon which a party may seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In patent cases there is a substantial policy for a "broad type of discovery and duty of full disclosure" in order to reduce the "maximum amount of evidence." *Natta v. Zletz*, 405 F.2d 99, 100 (7th Cir. 1968). This does not mean unfettered

2

discovery. If the discovery is relevant, the party objecting to the discovery request bears the burden of showing why that request is improper. *Rubing v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). The trial court will use its broad discretion in resolving matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

The discovery requests remaining at issue relate to: (1) documents involving acceptable non-infringing alternatives to Ropak's patented lids; (2) documents on the sales of 40-CTS style lids; (3) sales brochures and other information regarding Plastican's 40-CTS style lids; (4) documents relating to the concept, design, and development of Plastican's 40-CTS style lids; (5) competitive profiles, plan, and business practice documents; (6) documents relating to Plastican's '656 patent and other patent application documents; (7) profit, costs, and manufacture documents relating to Plastican's lids (or tax records); and (8) documents relating to Plastican's defenses of invalidity, unenforceability, and lack of willfulness. In addition, various responses to Interrogatory and Requests to Admit remain at issue.

## Documents of Acceptable Non-infringing Alternatives

Ropak seeks all documents relating to Defendant's acceptable non-infringing substitutes to the '337 Patent product, including discovery on all of the Plastican lids with a tear tab or tear strip device. Plastican argues that the request is overbroad in that Ropak has only identified "zig-zag" tear strips as its asserted Claims 9 though 12 of the '337 patent-in-suit. Plastican thus argues that the only discoverable matter concerns Plastican product 40-CTS that included a zig-zag tear-off lid. Ropak's document production request included, but did not limited to, Plastican

lids identified as 40-CTS, 40-CTS-2, 40-CH, 40-CL, 40-CRT, 40-CT, 40-CTL or 40-CTL-1. Plastican has only produced documents on its 40-CTS product.

The issue is whether Ropak is entitled to discovery of documents pertaining to lids that are not only "zig-zag" tear-off designs but also on lids that are "tear-strip" and "tear-tab" designs. Ropak urges discovery on these lids because it wants to determine the scope of the alleged infringement. This justification appears valid as it is relevant to the issue of possible damages. For example, to qualify for lost profits a patent owner needs to prove: "(1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) [her] manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit [s]he would have made." *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.* (6th Cir. 1978); *accord Mitutoyo Corp. v. Cent. Purchasing, LLC*, No. 03 C 0990, 2006 U.S. Dist. LEXIS 9301, at *5, *12 (N.D. Ill. Mar. 9, 2006) (applying the *Panduit* test). As such, this Court grants Ropak's motion for documents relating to "zig-zag," "tear-off," and "tear-strip" products.

Likewise, Ropak's request for documents pertaining to both the pails and the potentially infringing lids is also granted. Since this is discovery, Ropak would be entitled to determine what the lost profits on both the pails and lids would be, for it is possible that there may be a determination that both the pails and lids would be considered as a "single commercial unit." *Tec-Air, Inc. v. Denso Mfg. Mich., Inc.* 192 F.3d 1353, 1362 (Fed. Cir. 1999).

**Documents Regarding the Sales of the 40-CTS Style Lids**

Ropak seeks to discover sales invoices, summary reports of unit sales, existing accounting records, and documents relating to Plastican purchasers of the 40-CTS style lids.

4

There is no dispute from Plastican that discovery on the 40-CTS lids would generally be relevant. Plastican does argue, however, that records of "profits, costs and the like" were never maintained by Plastican. While this Court would certainly require Plastican to verify this response if it has not already done so, this Court would also require Plastican to produce documents that could reasonably lead to a computation of "profits, costs and the like." This would include, but not be limited to, documents relating to sales invoices, customer lists (with names, dates, and addresses), communications with customers who bought or received 40-CTS style lids and other similar accounting records. In addition, Ropak is also entitled to sales marketing documents on the 40-CTS style lids as requested in discovery. This information is equally relevant to the issue of the alleged infringer's profits. *Kori Corp. v. Wilco Marsh Buggie & Draglines*, 761 F.2d 649, 654-55 (Fed. Cir. 1985). Plastican's failure to provide such information could result in a discovery sanction such as barring Plastican from presenting evidence "profit, costs and the like." *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005).

Further, Ropak seeks summaries of sales information in addition to the underlying sales documents. It appears as though no summaries presently exist. If they do exist, this Court orders Plastican to produce them to Ropak. However, this Court will not order Plastican to create summaries that do not exist. Further, as Interrogatories 10 and 16 relate to this matter, and the Court having found that the information is relevant, Ropak's motion to override Plastican's objections is granted. Plastican is order to provide interrogatory responses to Nos. 10 and 16.

## Documents Relating to Concept, Design, & Development of the 40-CTS Style Lids

Plastican asserts that David Diamond independently generated the design for the 40-CTS style lids and Ropak seeks discovery on concept, design, and development of Plastican's 40-CTS

lids. If Plastican is taking this position in defense of this action, then clearly Ropak is entitled to reasonable discovery on concept, design, and development.

Section 271 of Title 35 of the United States Code provides, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Documents relating to the concept, design and manufacturing of allegedly infringing products are relevant for purposes of discovery since making a patented product without authorization is, itself, an infringing activity. Furthermore, process documents may lead to the discovery of admissible evidence since product features are defined during the concept, design and manufacturing process. Given the broad scope of discovery allowed by Rule 26 and the likelihood that relevant information will be uncovered, the Court grants Ropak's motion to compel this information.

Plastican shall produce documents as requested by Ropak. However, as to the request for personnel files in David Diamond's office, this request has not been justified as related to concept, design, and development. The Court will not compel discovery on this subcategory of potentially private information at this time.

### Competitive Information, Customer Complaints, & Business Plan Information

Ropak seek discovery of competitors, business plans, and business policies of the 40-series lids and documents concerning patent clearances from 1997 to the present. Plastican does not appear to persist in its objection to this information as it did not raise the objection in its opposition to the motion to compel. This information is relevant and should be disclosed.

### Documents Relating to the '656 Patent

Ropak seeks documents relating to Plastican's '656 Patent. Ropak argues that the alleged inventor of the '656 patent, Henry Blanchette, purportedly made material representations regarding the '337 patent when the '337 patent was cited as prior art by the Patent Examiner. Ropak has thus demonstrated why documents in Plastican's possession or control would be relevant to its claim that Plastican ingringed upon the '337 patent. Plastican is ordered to produce documents relating to those representations. If Plastican asserts any privilege, it must produce a privilege log.

### Documents Relating to the Profits, Costs, & the Like for Plastican's 40-series Lids

As stated previously, this Court has found that discovery of information on lids other than the "zig-zag" model is relevant for purposes of discovery. Plaintiffs seek summaries of Plastican's sales of the lids or tax returns filed between 1997 and the present. Plastican is order to produce either the summaries or the tax returns for this time frame.

### Discovery Relating to Plastican's Defenses

Plastican submitted its "Preliminary" Invalidity Contention. This filing is incomplete. Plastican must disclose all documents relating to its position that the '337 patent is invalid, unenforceable, and not infringed. Further, Ropak has alleged a willful violation as such Plastican must disclose documents relating to its defense against willfulness.

Further, Plastican must respond to interrogatories relating to these defenses. Ropak argues that if Plastican relied upon a privilege and did not object on that basis, it has waived the privilege. This is generally true. *See* Fed. R. Civ. P. 34(b). However, this Court will give

Plastican one last chance to fully and adequately respond to the interrogatories. If the responses would require the disclosure of privileged communication that is not waived as a matter of law by virtue of invoking the defense, then Plastican must produce a privilege log consistent with the rules of civil procedure.

**Other Discovery Matters**

Plastican has avoided substantive responses on interrogatories and requests to admit. It has asserted no justifiable basis for this position. Plastican's reliance on Rule 33(d) of the Federal Rules of Civil Procedure as an appropriate response to an interrogatory is less than compelling. It is well established that an answer to an interrogatory must be responsive to the question. An interrogatory answer should stand on its own, be complete, and not refer to pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without an cross-checking comparison of answers. *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000).

Rule 33(b)(1) of the Federal Rules of Civil Procedure states, "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Rule 33(d) requires that if a party is relying upon a document in response to the interrogatory, the documents referred to be clearly identified. Fed. R. Civ. P. 33(d) ("A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained."). Plastican's answers to these interrogatories do not

describe the responsive documents. Because Plastican's answers fail to identify the responsive documents its response is inadequate.

In addition, Plastican has the obligation of shown that "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served" as required under Rule 33(d). Instead of demonstrating this burden, Plastican states that Ropak can determine the answers themselves by reviewing the documents. First, without knowing what these documents are, the Court cannot conclude that Plastican has shown that the invocation of Rule 33(d) is proper. Second, this Court does not believe that Plastican can make this showing. Plastican is a business entity that, one would assume, knows its records better than anyone else. Accordingly, the motion to compel will be granted as to Interrogatory Nos. 4, 5, 10, 14 and 16. Plastican shall provide full and complete answers to these Interrogatories.

Ropak seeks responses to Interrogatory Nos. 20 and 21. Plastican's response to Interrogatory No. 20 (which seeks information on the three employees with most knowledge) listed less than three individuals. Ropak seeks a verified response that Plastican is unaware of the existence of any other employees with knowledge. This request is reasonable and the Court orders Plastican to verify its Interrogatory No. 20 response.

### Attorney-Client Privilege

Interrogatory 21 addresses whether Plastican will rely on certain defenses such as "opinion of counsel," invalidity, unenforceability, and/or non-infringement. Plastican reads this interrogatory as not seeking information on whether Plastican will argue a lack of "willfullness." The primary purpose of a client obtaining a patent opinion letter from independent patent counsel

is to "ensure that it acts with due diligence in avoiding activities which infringe the patent rights of others," and possibly raises support for a defense against a potential claim of willful infringement. *Comark Commc'n, Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir. 1998).

Although the Federal Circuit has held that "the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable," *Knorr-Bremse Systeme-Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345-46 (Fed. Cir. 2004), it still may be raised as a defense. Ropak is seeking a response from Plastican as to whether it is relying upon "any written or oral opinion of counsel" and if so, to identify the opinion, the person(s) involved in communicating any draft the opinion, and documents supporting the conclusion of the opinion. Plastican response is to assert attorney-client privilege and to list two names. Plastican did not respond to part (d) regarding the identity of each document containing or supporting an opinion. Although it asserts an attorney-client privilege, Plastican fails to submit a privilege log as required by the rules of civil procedure. If Plastican is relying upon an "opinion of counsel" defense, such defense could waive the attorney-client privilege.

To determine whether waiver of the attorney-client privilege exists we look to Seventh Circuit law. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005) (the Federal Circuit "applies the law of the regional circuit . . . with respect to questions of attorney-client privilege and waiver of attorney-client privilege"). Courts have found that there is a waiver when a party asserts a claim that relies upon advise of counsel. *BASF Aktiengesellschaft v. Reilly Indus., Inc.*, 283 F. Supp. 2d 1000, 1003 (S.D. Ind. 2003) (requiring the production of all documents relied upon in the produced legal opinion); *Blackhawk Molding*

10

*Co., Inc. v. Portola Packaging, Inc.*, No. 03-C-6060, 2004 U.S. Dist. LEXIS 19850, at *2 (N.D.Ill. Sept. 30, 2004) (construing production of legal opinions concerning a patent's validity and enforceability to waive privilege on communications regarding claim construction on which the validity and enforceability opinions necessarily rely); *Motorola, Inc. v. Vosi Techs., Inc.*, No. 01-C-4182, 2002 U.S. Dist. LEXIS 15655, at *5 (N.D. Ill. Aug. 19, 2002) (holding that a party's desire to rely on counsel's opinions regarding validity requires it to disclose all pre-suit communications of counsel that include construction of the same patents).

As to scope of the waiver, "[t]he widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Fort James Corp.*, 412 F.3d at 1349. The "goal of the same subject matter standard is to ensure that a client ... cannot use waiver of the privilege as a sword as well as a shield." *Eco Mfg. LLC v. Honeywell Int'l, Inc.*, No. 1:03-CV-0170, 2003 WL 1888988, at *2 (S.D. Ind. April 11, 2003).

This court, nonetheless, will take a narrow approach to the scope of the waiver. Plastican need only disclose the "opinion of counsel" documents that were communicated or given to Plastican. *Eco*, 2003 WL 1888988, at *8 (applying a narrow approach after finding that a broad approach "creates substantial risk of confusion and wasted time," no "compelling reason for believing attorney's private papers and thoughts would be probative of the client's ability to rely on the attorney's advice," and "independent attorneys have substantial internal and external reasons to provide competent and honest advice"). Having found that there is a waiver of the attorney-client privilege, Plastican must respond to part (d) of Interrogatory No. 21.

11

Requests to Admit

Plastican has failed to respond to Requests to Admit Nos. 53-58, and 85. Requests No. 53-58 concern the production capacity of Plastican's molds. This Court finds that the capacity is reasonably relevant to Ropak's claims and could lead to discoverable information concerning the extent of damages, if any. As such, Plastican is ordered to respond or have the information deemed admitted pursuant to Rule 36(a). As to Request No. 85, this concerns the gross sales of the 40-CTS covers and pails. Having previously found that discovery on both covers and pails could lead to relevant evidence, this Court likewise orders Plastican to respond or face an admission.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel [doc. no. 80] is GRANTED in part and DENIED in part. Finally, this Court enters and continues Ropak's request for sanctions against Plastican and will set a status conference for May 3, 2006 at 9:30 a.m. to determine the extent of Plastican's non-compliance with this Court's order.

**SO ORDERED.**                                **ENTERED:**

Dated: __APR 17 2006__

                                                HON. MARIA VALDEZ
                                                **United States Magistrate Judge**