IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROPAK CORPORATION; JOHN W. VON HOLDT, JR.; and JANICE ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> PLASTICAN, INC., <br><br> Defendant. | 04 C 5422 <br><br> District Judge David H. Coar <br><br> Magistrate Judge Maria Valdez |



## MEMORANDUM OPINION AND ORDER

This patent infringement action involves claims by Plaintiffs Ropak Corporation, John W. Von Holdt, Jr., and Janice Anderson against Defendant, Plastican, Inc. ("Plastican") for the infringement of U.S. Patent No. 4,735,337 (the "'337 patent"), which purports to give Ropak an exclusive license to make certain molded plastic lids covering plastic pails. On January 23, 2006, Plaintiffs moved for sanctions. For the reasons provided below, the Court grants in part Plaintiffs' motion for sanctions.

### Background

In connection with this case, certain discovery disputes have been brought to the Court's attention, disputes on which this Court, like the parties, has expended considerable time and energy. The dispute begins with Plaintiffs' November 1, 2005 issuance of interrogatories, together with numerous requests for production and admission. In accordance with the Federal Rules of Civil

Procedure, Plastican's responses were due by December 5, 2005. But instead of completing production and responding within that time frame, at a status hearing on December 5th, counsel for Plastican orally sought an extension of time to respond to Plaintiffs' discovery requests. Thereafter, the Court granted Plastican an additional fifteen days beyond that agreed to by Plaintiffs' counsel to provide *substantive and complete responses* to Plaintiffs' discovery requests. Thus, the Court ordered Plastican to provide such responses by January 15, 2006.

Unsatisfied with Plastican's responses and production, on January 23, 2006, Plaintiffs moved pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling Plastican to (1) produce outstanding documents, and (2) respond substantively to Plaintiffs' interrogatories and requests to admit. Furthermore, and pertinent for purposes of the present Memorandum Opinion and Order, Plaintiffs sought to sanction Plastican, requesting an order from this Court that would bar Plastican "from introducing any evidence at trial on the issue of damages and/or willful infringement, and impose monetary sanctions in an amount sufficient to reimburse Plaintiffs for their attorneys' fees and costs incurred in connection with this motion." Pls.' Mot. Compel & Sanctions ¶ 4 [Doc. No. 80]. To date, Plaintiffs seek $90,825 in attorneys' fees and costs.[1]

On April 17, 2006, this Court issued its memorandum opinion and order in connection with Plaintiffs' motion to compel.[2] In that opinion, the Court granted a majority of Plaintiffs' document

---

[1] Plaintiffs provide that this number "was determined by identifying the hours spent by [counsel and paralegals] in compelling Plastican to provide substantive and complete discovery response [sic], including the hours spent preparing for [numerous pleadings] and multiple reviews of Plastican's documents to assess its compliance with the Court's Orders." Pls.' Supplemental Mem. Supp. Mot. Sanctions at 7 [Doc. No. 146-2].

[2] Though Plaintiffs sought both a motion to compel and also for sanctions, on April 17, 2006, the Court issued its opinion as it pertained to the motion to compel and entering and continuing Plaintiffs' sanctions request rather than ruling on it at that time.

production requests after finding that such requests were relevant. *See Ropak Corp. v. Plastican, Inc.*, No. 04 C 5422, 2006 WL 1005406, at *1 (N.D. Ill. April 17, 2006). Specifically, the Court ordered production of documents in the following areas: (1) documents involving acceptable non-infringing alternatives to Ropak's patented lids, particularly those relating to "zig-zag," "tear-off" and "tear-strip" products, as well as documents pertaining to both pails and infringing lids; (2) documents on the sales of 40-CTS style lids, including, but not limited to, sales invoices, customer lists, customer communications and sales marketing information;[3] (3) documents relating to the concept, design and development of Plastican's 40-CTS style lids; (4) documents relating to competitors, business plans and business policies of the 40-series lids as well as patent clearance documents from 1997 to the present; (5) documents relating to material representations made by the alleged inventor of the '656 patent, Henry Blanchette, as to the '377 patent as prior art; (6) summaries or tax returns from 1997 to the present for the profits/costs relating to Plastican's 40-series lids; and (7) all documents relating to Plastican's position that the '337 patent is invalid, unenforceable, and not infringed as well as documents relating to its defense against willfulness.

Furthermore, as to Plaintiffs' request for substantive responses to a number of interrogatories and requests to admit, the Court ordered Plastican to: (1) provide full and complete answers to Interrogatory Nos. 4, 5, 10, 14 and 16; (2) verify its response to Interrogatory No. 20; (3) respond to Interrogatory No. 21 part (d) after finding that Plastican waived the attorney-client privilege; and (4) respond to Requests to Admit Nos. 53-58 and 85, which related to the production capacity of

---

[3] Importantly, after ordering Plastican to turn over this information the Court cautioned Plastican that its "failure to provide such information could result in a discovery sanction such as barring Plastican from presenting evidence [of] 'profits, costs and the like.'" *Ropak*, 2006 WL 1005406 at *3 (quoting *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005)).

Plastican's molds and was relevant to discovering the extent of damages.[4] At that time, the Court noted that "Plastican has avoided substantive responses on interrogatories and requests to admit," adding that Plastican "has asserted no justifiable basis for this position." *Ropak*, 2006 WL 1005406 at *4.

Notwithstanding these findings, on May 3, 2006, the Court authorized another extension and ordered Plastican to respond to all outstanding discovery by May 17, 2006. [Doc. No. 132.] But on May 16, 2006, after yet another request for an extension by Plastican, the Court granted another extension of time to respond to "all outstanding discovery" – through and including May 27, 2006. Again, by this date, "all outstanding discovery" was not issued. Instead, Plastican presented the Court with another request for more time. Out of an abundance of caution, on June 13, 2006, the Court granted its final discovery extension, ordering Plastican to complete all outstanding discovery and to certify its response by June 20, 2006. [Doc. No. 157.] On that day, in a document later filed with the Court on July 6, 2006 [Doc. No. 174], counsel for Plastican acknowledged various additional production occurred on June 20, 2006. With this background in mind, the Court turns to the issues presented.

---

[4] As to Plastican's responses to the requests to admit, the Court cautioned Plastican of the effect of its failure to respond adequately: "respond or have the information deemed admitted pursuant to Rule 36(a)." *Ropak*, 2006 WL 1005406 at *6.

## Legal Standards

Trial courts exercise broad discretion over discovery matters such as discovery sanctions so long as they exercise that discretion reasonably. *See, e.g., Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004); *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Significantly, a "court [does not] possess[] unfettered discretion to impose sanctions upon a recalcitrant party" and "the method for arriving at the sanction must be fair." *Am. Nat. Bank & Tr. Co. of Chi. v. Equitable Life Assurance Soc.*, 406 F.3d 867, 878 (7th Cir. 2005) ((quoting *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001) and citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1997)).

One avenue for discovery sanctions rests in Rule 37 of the Federal Rules of Civil Procedure. Specifically, Rule 37(b)(2) addresses the effect of a failure to obey a court's order to provide or permit discovery, whether by a party or an officer, director or managing agent of a party. FED. R. CIV. P. 37(b)(2). In such a case, "the court in which the action is pending may make such orders in regard to the failure as are just." *Id.* The options specifically contemplated by Congress in Rule 37(b) include orders designating certain facts as established, see FED. R. CIV. P. 37(b)(2)(A); orders prohibiting a party from supporting or opposing certain claims or defenses, including by prohibiting the introduction of evidence, see FED. R. CIV. P. 37(b)(2)(B); orders striking pleadings, whether in part or in their entirety; orders staying proceedings until compliance occurs; as well as the dismissal or entry of a default judgment in the matter, see FED. R. CIV. P. 37(b)(2)(C).

Further, fines are also a permissible sanction. "While fines are not specifically included in the non-exclusive list of sanctions in Rule 37(b)(2), they are among the tools available to trial courts to remedy the harms of discovery violations." *Maynard*, 332 F.3d at 470. Thus, the reimbursement of "reasonable expenses, including attorney's fees, caused by the failure" shall be ordered to be paid

by "the party failing to obey the order or the attorney advising that party or both, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b).[5] Regardless of the sanction ultimately imposed, Rule 37 sanctions "'may only be imposed where a party displays wilfulness, bad faith, or fault.'" *Am. Nat. Bank & Tr.*, 332 F.3d at 877-78 (quoting *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1994)).

### Analysis

In moving for sanctions, Plaintiffs request that Plastican "be barred from introducing any evidence at trial relating to damages and/or willful infringement." Pl.'s Mot. Compel & Sanctions at 3 [Doc. No. 80]. Additionally, Plaintiffs seek, "[a]t a minimum," that they be reimbursed in an amount sufficient to pay the attorneys' fees and costs associated with their motion. *Id.* Not surprisingly, Plastican contends that it "has not violated this Court's order and has not engaged in other delaying tactics and the like - - and, therefore, ROPAK's requested relief is unsupported by the facts and/or the law." Def.'s Mem. Opp'n. Pl.'s Mot. Compel & Sanctions at 2 [Doc. No. 87]. And, as most recently espoused in the parties' joint status report of June 30, 2006, Plaintiffs also request an order compelling "Plastican to produce all outstanding documents and discovery within 5 business days; and . . . enter an order precluding Plastican from relying on any documents or

---

[5] Another avenue for sanctions lies in the Court's inherent authority to manage its docket. This "inherent authority [is] 'governed not by rule or statute by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2003 WL 1733560, at *9 (N.D. Ill. April 1, 2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). But "[w]here there is bad faith conduct in the course of litigation that adequately can be sanctioned under the Rules . . . the court ordinarily should rely on the Rules rather than its inherent power." *Id.* (quoting *Chambers*, 501 U.S. at 49-50).

evidence on acceptable, non-infringing substitutes to Ropak's EZ Cover lids other than what Plastican has produced by June 20, 2006. Joint Status Report at 2 [Doc. No. 166].

In support of their motion for sanctions, Plaintiffs rely on *Kamatani v. BenQ Corp.*, No. Civ.A. 2:03-CV-437, 2005 WL 2455825, at *1 (E.D. Tex. Oct. 4, 2005). They contend that Plastican's conduct (or "misconduct," to quote Plaintiffs) is similar to that engaged in by the defendant in *Kamatani*. In *Kamatani*, a "battle-ridden" patent infringement case marked by numerous discovery motions, the court conducted three discovery hearings and issued increasingly harsh sanctions against the defendant. *Id.* at *1. Initially, after finding that the defendant "engaged in discovery abuse by delaying production and by taking various untenable positions," the court sanctioned the defendants on the record and warned them of the effect of future failures to comply. *Id.* at *2. Later, after finding that the defendant "stonewalled discovery in bad faith," see *id.* at *4, the court limited the defendant's time to address the jury at trial and awarding attorneys fees incurred in connection with their motion for sanctions. *Id.* at *6. Indeed, it was only after new discovery abuses emerged that the court issued a $500,000 monetary sanction, attorneys' fees and costs, and struck one of the defendant's defenses. *Id.* at *15.

While the discovery in *Kamatani* did not proceed smoothly and involved the issuance of sanctions on three occasions, that case and the present are factually distinguishable in one important respect. The analogous sanctions Plaintiffs presently seek were issued by the *Kamatani* court only after issuing sanctions on two previous occasions. In this case, however, the Court has not previously issued sanctions; instead, it has issued numerous warnings regarding the possibility of sanctions. Because of this distinction, the Court declines to adopt the end result in *Kamatani*. Thus, the Court does not find *Kamatani* helpful for fashioning the appropriate relief in this case.

Ultimately, in determining whether Plastican has met its discovery obligations as ordered by this Court on April 17, 2006, the Court looks primarily to the parties' Joint Status Report Regarding Outstanding Discovery Issues, filed with the Court on June 30, 2006. In that document, Plaintiffs outline their belief as to what documents and interrogatory responses remain outstanding or incomplete, while Plastican responds thereto.[6] Though the parties remain in contention regarding a number of issues, it appears that no issues remain as to Plastican's production of competitive information, customer complaints, business plan information, documents relating to the '656 patent as well as Requests to Admit Nos. 53-58. As a result, the Court will not address those issues. But because Plaintiffs continue to raise issues surrounding the adequacy of Plastican's document production, the sufficiency of Plastican's interrogatory answers, and Plastican's answer to Request to Admit No. 85, the Court will individually examine each category to determine whether sanctions are appropriate, and, if so, what particular sanction is appropriate and fair given the history of this case.

## I. Plaintiffs' Allegations of Outstanding Document Production

Plaintiffs argue that Plastican's document production remains incomplete. First, as to documents of non-infringing substitutes, Plaintiffs note that "[o]n June 26, Plastican confirmed that the only third party documents or things supporting its contention that there exist acceptable non-infringing substitutes to Ropak's EZ Cover lid are two photographs of the two third party lids that Plastican has made available for Plaintiffs' inspection." Joint Status Report at 14. In response, Plastican notes that "in addition to 'two third party lids', there are other lids manufactured and sold

---

[6] Additionally, the Court looks to the parties' latest (and unsolicited) round of briefing opened by Plaintiffs' Second Supplemental Memorandum In Support Of Their Motion For Sanctions. [See Doc. Nos. 208, 210.]

by PLASTICAN contemporaneously with the sale of its 40-CTS style lids that do not infringe the '337 Patent and which PLASTICAN has represented to Plaintiffs to be acceptable, non infringing substitutes." *Id.* at 14. However, at least according to Plastican's response in the Joint Summary Report, it is unclear as to the extent that Plastican has produced such documents.

Second, regarding various documents regarding the sales of the 40-CTS style lids, Plaintiffs represent that they have not been produced in their entirety, specifically pointing to invoices, invoice registers, and sales summaries for the period prior to 2002, as well as customer related correspondence. Plaintiffs also argue that Plastican has not produced invoices relating to its largest customer for years prior to 2002. Plastican asserts it has produced all invoices for the years 1997 to 2005 and adds that sales summaries and invoice registers prior to 2002 are unavailable as a result of a change in its computerized accounting system. And Plastican essentially admits that it has not produced customer related correspondence when it argues that "[t]he fact that Plaintiffs may have obtained such correspondence from third parties does not mean that duplicate copies of such correspondence are in PLASTICAN's files." In what appears to be an attempt to meet its discovery obligations, Plastican raises the verified declaration of Mark Keyes, Plastican's national sales manager, in which he declares that Plastican has sold roughly 2.5 million 40-CTS style lids.[7] Finally, in Plaintiffs' Second Supplemental Memorandum in Support of Their Motion for Sanctions, Plaintiffs contend that Plastican has not produced "purchase orders and due diligence documents provided to prospective buyers of Plastican" even though, they argue, such documents "could 'reasonably lead to a computation of profits, costs and the like.'" Pl.'s Second Supp. Mem. Supp.

---

[7] Any documents reviewed by Mark Keyes in preparation for his declaration shall be produced forthwith, if not otherwise produced.

Mot. Sanctions at 2 (citing *Ropak*, 2006 WL 1005406 at *5).[8]

Third, as to documents relating to the concept, design and development of the 40-CTS style lids, Plaintiffs note that Plastican has produced one drawing, various invoices pertaining to mold purchases and meeting minutes during which the allegedly infringing lids were discussed. They further note that documents such as lab notebooks, specifications, schematics, or technical information have not been produced. Again, Plastican posits that it has produced all documents. Additionally, it cites to various documents relating to the lid molds. And, finally, regarding the documents relating to Plastican's position that the '337 patent is invalid, unenforceable and not infringed, Plaintiffs contend that Plastican has only produced "semi-final" contentions, not final invalidity contentions. In response, Plastican argues it has met its burden by pointing to its motion for summary judgment of invalidity and the exhibits attached in support thereof.

Overall, as to Plastican's document production burdens as outlined in the Joint Status Report, it appears to the Court that Plastican has met those burdens to the extent that it can meet them. Indeed, Plastican's counsel has verified "the truth and accuracy" of its production representations. *See* Letter to Hon. Maria Valdez from Granger Cook [Doc. No. 174]. In arriving at this position, the Court notes that by authorizing numerous extensions during which time Plastican could cure its mistakes, the Court exercised patience in dealing with Plastican and, during that process, Plastican

---

[8] In Plastican's Objection to Plaintiffs' Second Supplemental Memorandum, Plastican admits that it "has not produced purchase orders, bills of lading, and the like" but allege that it "did not intentionally avoid production of such documents" reasoning that its failure to produce "occur[ed] because Plasticna's counsel was focusing on producing Plastican's Invoices." Def.'s Obj. Pls.' Second Supp. Mem. at 1.

managed to produce an additional 20,000 documents.[9] Indeed, the Court provided Plastican with ample time with which to meet its discovery obligations, granting it numerous discovery extensions with an eye toward compliance.

However, to the extent Plaintiffs allege that Plastican has not produced all documents, the Court notes the difficulty of the decision it faces. On one hand, Plaintiffs maintain that "Plastican's document production . . . remains incomplete," see Joint Status Report at 1, yet on the other Plastican contends that it has produced all that it can produce. Admittedly, there is no way for the Court to independently verify whether Plastican possesses the documents Plaintiffs allege exist and whether Plastican has in fact produced all relevant documents as ordered produced by the Court in its April 17, 2006 memorandum opinion and order. However, in the parties' latest round of briefing, Plastican concedes that it has not produced some documents, particularly purchase orders and bills of lading, (see Def.'s Obj. Pl.'s Second Supp. Mem. at 1), documents which Plaintiffs allege are relevant for purposes of determining the issue of "willful infringement as well as to damages." Pls.' Second Supp. Mem. Supp. Mot. Sanctions at 4. The Court's April 17, 2006 order broadly ordered production which could reasonably lead to costs, profits and the like, of which purchase orders and bills of lading correspond. As a result, the Court orders Plastican to produce such documents.[10]

---

[9] The Court notes that Plastican has repeatedly called to the Court's attention the quantity of documents produced as well as to the fact that it has expended numerous hours and money spent responding to Plaintiffs' discovery requests. However, the Court reminds Plastican that quantity is not the equivalent of quality and that the hours and money spent in responding to a discovery request, no matter how broad, are inherent costs of litigation, particularly when that response has been compelled by a United States Judge. The Federal Rules of Civil Procedure grant broad discovery and an issuer of discovery is entitled to request broadly, so long as that issuer's requests remain relevant. *See generally* FED. R. CIV. P. 26(b)(1).

[10] Plastican need not, however, bear the cost of production in order to meet its burden of production as the Court presents Plastican with two alternatives: (1) produce the documents,

As a result, for documents fitting into the categories ordered produced, the Court rules that Plastican's reliance on Plastican documents and/or records for its defense will be limited hereafter to those it produced up through and including June 20, 2006. As a result, if Plastican seeks to rely on a document not produced prior to that date, it will be unable to do so.[11]

## II. Plastican's Responses to Interrogatories and Requests to Admit.

Furthermore, regarding the various interrogatories propounded by Plaintiffs, Plaintiffs maintain that Plastican has still not provided substantive responses to Interrogatory Nos. 4, 5, 10, 14 and 16. The problem, Plaintiffs argue, is that the "'annotated' supplemental responses . . . continue to rely improperly on FED. R. CIV. P. 33(d) and [ ] refer Plaintiffs to Plastican's incomplete invoices." Joint Status Report at 7. As a result, they contend that because Plastican's production remains incomplete, Plastican's citation to its invoices in its interrogatory responses is "completely inappropriate and sanctionable." *Id.* In response, Plastican reiterates that "Plaintiffs must accept the fact that all of PLASTICAN's invoices have, in fact, been produced." *Id.* at 8.

After comparing Plastican's initial answer to Plaintiffs' interrogatories to its supplemental answers filed on July 6, 2006, the Court notes that Plastican appears to have made a good faith attempt to provide complete and substantive responses. On April 17, 2006, the Court ordered

---

bearing the expense of complying with Plaintiffs' discovery requests, or (2) produce the documents as they are kept in the usual course of business, organized and labeled to correspond with the categories in the request, with Plaintiffs bearing the copying costs. *See generally* FED. R. CIV. P. 34(b). *See also Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 600 (W.D. Wisc. 2004) ("There is a presumption that 'the responding party must bear the expense of complying with discovery requests . . . .'") (quoting *Oppenheimer Fund, Inc. V. Sanders* 437 U.S. 340, 358 (1978)).

[11] However, should Plastican find such additional documents, it remains compelled to produce them to Plaintiffs. *See, e.g.*, FED. R. CIV. P. 26(e) (discussing the duty to supplement disclosures and responses to discovery).

Plastican to "provide full and complete answers to these Interrogatories" and in doing so, limited Plastican's reliance on Rule 33(d) of the Federal Rules of Civil Procedure.[12] Indeed, in Plastican's initial answer to Plaintiffs' interrogatories, Plastican alluded generically to certain documents it deemed responsive, without more. Hence, the Court ruled that "Plastican's reliance on Rule 33(d) of the Federal Rules of Civil Procedure as an appropriate response [was] less than compelling," *Ropak*, 2006 WL 1005406 at *4, as "Plastican's answers fail[ed] to identify the responsive documents," *id.* at *5. Regardless, in its supplemental answers, Plastican has provided specific citations to the documents on which it now relies and has expanded the substance of its interrogatory responses.

However, the Court also notes that while Plastican provided such responses on July 6th, it did not provide such answers after the Court ordered Plastican to do so by January 15, 2006, approximately six months earlier. Hence, it is an appropriate remedy for this Court to sanction Plastican. And, in issuing a sanction, it is important to note the context the Court issued that order: the Court granted Plastican an additional four-week opportunity for compliance – two weeks beyond that agreed to by Plaintiffs. Moreover, Plastican only provided sufficient responses after being compelled to by Plaintiffs with substantial encouragement and warnings of sanctions by the Court. As a result, and pursuant to Rule 37(b), the Court grants Plaintiffs' request for attorneys' fees in part. Accordingly, the Court orders Plastican to reimburse Plaintiffs for the costs associated with

---

[12] In pertinent part, Rule 33(d) provides generally that "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained." FED. R. CIV. P. 33(d). Further, regarding the requisite specificity of such records, "[a] specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." *Id.*

researching and drafting the motion to compel and supporting memorandum [Doc. Nos. 80, 81], costs incurred by Plaintiffs as a direct result of Plastican's failure to fulfill its discovery obligations by January 15, 2006.[13] Plaintiffs are ordered to provide the Court with detailed time and billing records, within one week of the issuance of this opinion, reflecting reasonable expenses.

### III. Plastican's Response to Request For Admission No. 85.

In Request for Admission No. 85, Plaintiffs seek an admission from Plastican that its sales of 40-CTS style lid/bucket or pail combinations exceeded $5,000,000. As noted in the opinion of April 17, 2006, Plastican inadequately responded to the request, hence the Court's order that Plastican "respond or face an admission" since "discovery on both covers and pails could lead to relevant evidence." *Ropak* at *6. Yet, in its supplemental response, Plastican answers as follows:

> This Request is totally irrelevant; however, in accordance with Magistrate Judge Valdez's Order of April 17, 2006, the Supplemental Response of PLASTICAN is unable to determine the amount of such gross sales for 1988 to the present and, therefore, this Request is Denied.

Plastican's Supp. Resp. Pls.' Req. Adm. at 3 [Doc. No. 174, Ex. 107]. Plastican provides its rationale for the above answer in its portion of the parties' Joint Status Report. It notes that Request to Admit No. 85 "asks for sales data for 1988, but in 1988, PLASTICAN had not yet begun to manufacture and sell its 40-CTS style lids."[14] Joint Status Report at 9-10.

According to Rule 36, "[i]f an objection is made, the reasons therefor shall be stated" and

---

[13] Indeed, had Plastican met its discovery obligations, Plaintiffs likely would not have filed their motions to compel and for sanctions.

[14] The Court notes that it is entirely possible that Plaintiffs' designation of "1988" as a starting point for Request to Admit No. 85 is a typographical error as other requests and interrogatories designate "1998" as a starting point to define Plastican's answers.

-14-

"[t]he answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." FED. R. CIV. P. 36(a). Moreover, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Id.* In addition to this guidance, Rule 36(a) also permits partial answers. Thus, "[a] denial *shall* fairly meet the substance of the requested admission, and when good faith *requires* that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." *Id.* (emphases added).

In this case, Plastican has not adequately responded to Request to Admit No. 85 as ordered by the Court. The Court reaches this conclusion because Plastican has in its possession a number of facts or documents which it could use to assemble, at a minimum, a partially responsive and substantive answer. First, Plastican has repeatedly referred to the declaration of Mark Keyes, Plastican's national sales manager, in which he asserts that Plastican has sold 2,509,254 of its 40-CTS style lids. And, in response to Interrogatory No. 10, Plastican admits that it possesses the capability, at least for the period from 2002 to the present, "of providing summaries identifying the type and number of lids and pails sold . . . the unit sale price, and the total sale price." Plastican's Supp. Resp. Answer Interrog. at 8 [Doc. No. 174, Ex. 103]. Further, in response to Interrogatory No. 4, Plastican asserts that has turned over "all additional invoices in its possession or control evidencing sales of lids and pails prior to 2002." *Id.* at 2. In light of these failures, and the Court's prior warning of the consequences of failing to adequately answer, the Court rules that Plastican's answer is not justified, thus, Request to Admit No. 85 is deemed admitted.

## Conclusion

For the reasons provided above, the Court grants in part Plaintiffs' motion for sanctions [Doc. No. 80] pursuant to Rule 37 and the Court's inherent authority to supervise the discovery process. Accordingly, for documents fitting into the categories outlined by the Court on April 17, 2006, the Court rules that Plastican's reliance on Plastican created/authored documents and/or records for its defense will be limited hereafter to those it produced up through and including June 20, 2006. Moreover, and as discussed above, Plastican must produce purchase orders and bills of lading. Additionally, and in light of Plastican's failure to conform its interrogatory answers with the Court's December 5, 2005 order, Plastican is ordered to pay the reasonable costs associated with Plaintiffs' motion for to compel and for sanctions and supporting memorandum. Plaintiffs are ordered to provide the Court with detailed time and billing records, within one week of the issuance of this opinion, reflecting reasonable expenses. Plaintiffs' motion for sanctions regarding their motion for an order dedesignating documents and modifying the protective order [Doc. No. 109-2] is denied. Plaintiff's motion for leave to file a supplemental memorandum in support is granted [Doc. No. 146] and Plastican's motion for leave to file a memorandum in response to the supplemental memorandum is also granted [Doc. No. 154]. Finally, the Court deems admitted Request to Admit No. 85.

**SO ORDERED**

DATE: 8/15/06

HON. MARIA VALDEZ
United States Magistrate Judge