IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROPAK CORPORATION; JOHN )
W. VON HOLDT, JR.; and JANICE )
ANDERSON, )
)
              Plaintiffs, )
)
     v. )
)
PLASTICAN, INC., )
)
              Defendant. )
)

No. 04 C 5422

Magistrate Judge Maria Valdez

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to determine the amount of monetary sanctions to be imposed against Defendant Plastican, Inc. for its violations of this Court's orders. The Court finds that Plaintiffs have offered support for an award of sanctions in the amount of $5643.75.

## BACKGROUND

On August 15, 2006, this Court entered an order imposing evidentiary and monetary sanctions on Defendant due to its repeated noncompliance with this Court's discovery orders. The monetary sanctions were granted "to reimburse Plaintiffs for the costs associated with researching and drafting the motion to compel and supporting memorandum, costs incurred by Plaintiffs as a direct result of Plastican's failure to fulfill its discovery obligations." (Aug. 15, 2006 Order at 13-14.)

The Court further ordered Plaintiffs to submit time and billing records "reflecting reasonable expenses" associated with the motion to compel and memorandum. In response, Plaintiffs filed the present petition for attorneys' fees and expenses totaling $177,717.35.

## DISCUSSION

The district court has considerable discretion in determining the appropriate amount of a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999). Plaintiffs have the burden to demonstrate to the Court that their attorneys' time expenditures and hourly rates are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In their fee petition, therefore, Plaintiffs' attorneys are required to exercise billing judgment, which means they must "'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434).

The Court finds that Plaintiffs' submission is excessive both in the total hours expended and in the hourly rates charged. First, most of Plaintiffs' time entries are for tasks other than the limited tasks for which the Court granted fees. Plaintiffs may have "understood" the Court's order to award sanctions for any and all fees and expenses associated with Defendant's discovery violations, but the Court is in a unique position to determine what it meant. In issuing the August order, the Court was well aware that Plaintiffs were seeking monetary sanctions for all of the costs they believed resulted from Defendant's discovery violations. Nevertheless, the Court expressly declined to award the full amount of sanctions requested by Plaintiff. Instead, the Court awarded only those

2

fees associated with researching and writing the motion to compel. Because the motion to compel was filed on January 23, 2006, the Court can summarily strike all fees and expenses incurred after the date the motion was filed. *See Heriaud v. Ryder Transp. Servs.*, No. 03 C 289, 2006 U.S. Dist. LEXIS 10886, at *13 (N.D. Ill. Mar. 14, 2006) (explaining that fees outside the scope of costs permitted by a prior order are not reimbursable).

Second, numerous entries include multiple bundled tasks, some of which are not subject to the sanctions order, with no effort made to allocate the time spent on each task. The burden of submitting appropriate time records was on Plaintiffs. This Court has no obligation to estimate the time spent on each bundled task when Plaintiffs did not see fit to do so. *See Delgado v. Vill. of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *2 (N.D. Ill. Oct. 31, 2006) (explaining that entries which are insufficiently documented due to block billing may be disallowed); *Francis v. Snyder*, No. 04 C 4344, 2006 WL 1236052, at *4 (N.D. Ill. May 4, 2006) (disallowing block-billed fees because "[w]ithout some indication of how much time was spent on each individual task, we have no way of determining whether the time spent was reasonable").

Third, the Court will disallow entries for tasks that are merely administrative or could have been accomplished by a non-attorney. For example, one of attorney Fazio's entries lists time spent "prepar[ing] brief to incorporate comments" from two other attorneys. (Pls.' Submission, Ex. B, 1/21/06 Entry.) Plaintiffs provide no reason why this task could not have been performed instead by a legal assistant. *See Heriaud v. Ryder Transp. Servs.*, No. 03 C 289, 2006 U.S. Dist. LEXIS 10886, at *14 (N.D. Ill. Mar. 14, 2006) (deleting entries for work that could have been accomplished by an assistant

rather than an attorney); *In re Superior Beverage/Glass Container Consol. Pretrial*, 133 F.R.D. 119, 130 (N.D. Ill. 1990) ("Lawyers were not credited for performing tasks that plainly should have been performed by paralegals . . . .") Reducing the attorneys' submitted hours under these guidelines results in the following total allowed hours: attorney Korniczky, 4.5 hours; attorney Fazio, 0.0 hours; attorney Gigger, 3.0 hours; attorney Hurtado, 6.25 hours. The Court notes that while the attorneys' hours were reduced dramatically, the total number of hours awarded is nevertheless reasonable given the straightforward nature of a motion to compel. *See Franzen v. Ellis Corp.*, No. 03C 641, 2004 U.S. Dist. LEXIS 2064, at *3-4 (N.D. Ill. Feb. 11, 2004) (holding that 19.5 hours was an unreasonable amount of time spent drafting a motion for sanctions given the lack of complexity of the briefs).

Finally, Plaintiffs have not shown that the hourly rates charged by attorneys Korniczky, Fazio, and Gigger are justified. First, Plaintiffs' initial fee submission failed to provide the Court a description of market rates in this district, attorney biographical information, or any other information that would allow the Court to determine whether the attorneys' hourly rates are reasonable.[1] Plaintiff correctly states that, in general, an attorney's actual billable rate is presumptively considered the market rate. However, Plaintiff has not established that the market rates for attorneys in San Diego (home of lead counsel Paul Hastings Janofsky & Walker) are the same as the market rates in the Northern District of Illinois: "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

---

[1] Plaintiffs did include some biographical information about attorney Korniczky in its response to Defendant's objections to the fee submission but no information about the other attorneys.

comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984); *see Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992).

As Defendant points out, the best evidence in the record of the market rate of similar attorneys in this district is the rate of local counsel Daniel Hurtado, a partner with Jenner & Block LLP, whose hourly rate is $435. Plaintiffs argue that their attorneys' higher hourly rates are reasonable because of the specialized nature of patent law. That may be true when considering issues actually involving patent law, but even in a patent case, a motion to compel is a standard motion that requires no specialized knowledge or skill to research or draft.

The Court will therefore calculate the fee award using reduced hourly rates for Korniczky, reduced from $650 to $500 per hour; and Gigger, reduced from $305 to $225 per hour, which brings their rates more in line with the market rates prevailing in this community. Korniczky's reduced rate was calculated using Hurtado's rate as a benchmark but increasing it by approximately fifteen percent to reflect Korniczky's greater experience as an attorney. Gigger's rate was reduced by approximately the same amount as Korniczky's.

The Court therefore calculates the appropriate fee award to be a total of $5643.75, which is broken down as follows: Attorney Korniczky, $2250.00 (4.5 hours at $500 per hour); attorney Fazio, $0.00; attorney Gigger, $675.00 (3.0 hours at $225.00 per hour); attorney Hurtado, $2718.75 (6.25 hours at $435 per hour).

## CONCLUSION

For the foregoing reasons, Defendant's objections to Plaintiffs' Submission of Time and Billing Records are granted in part and denied in part. The Court finds that Plaintiffs have offered support for an award of sanctions against Defendant Plastican, Inc. in the amount of $5643.75.

**SO ORDERED.**

**DATE:** ,IAN 3 0 2007

**ENTERED:**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**